IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

GEORGE FISHER,

        Petitioner,  :  Case No. 2:20-cv-4804

- vs -  District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
  Southeastern Correctional Institution,

:

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action, brought *pro se* by Petitioner George Fisher, is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Traverse (ECF No. 12). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

A Jackson County, Ohio, grand jury indicted Petitioner on one count of possession of heroin in an amount exceeding 250 grams, a felony of the first degree, in violation of Ohio Revised Code § 2925.11(A) with a major drug offender specification. (Indictment, State Court Record, ECF No. 6, Ex. 1). Although he had pleaded not guilty and filed a motion to suppress, Fisher withdrew his not guilty

1

plea and pleaded guilty on March 22, 2017, to the single count in the Indictment, with the major drug offender specification being withdrawn and the State agreeing not to pursue additional charges for the bond violation in December 2016 which led to Fisher's pre-trial detention (*Id.* at Ex. 5; Transcript, ECF No. 6-1).  There was to be no recommendation as to sentence.

Placed under oath, Fisher swore that there were no promises that induced him to plead other than what had been said in open court and specifically that there were no promises as to sentence, which was to be argued at the sentencing hearing. *Id.* at PageID 283.  He swore he was satisfied with Attorney Dixon's services and knew that any pending motions would be waived by the guilty plea. *Id.* at PageID 285.  He said he understood that his guilty plea was a complete admission of guilt of the charged crime and the penalty range was three to eleven years. *Id.* at PageID 286.  Fisher then pleaded guilty and the judge accepted the plea, expressly finding that it was knowing, intelligent and voluntary. *Id.* at PageID 292.

On May 23, 2017, the plea agreement was amended to reduce the weight of the heroin in question to being in excess of fifty grams but less than 250 grams to make the sentencing range three to eleven years as had been agreed to.[1]  (Tr. ECF No. 6-1, PageID 294, et seq.).  Judge Regan repeated the required plea colloquy in its entirety and received the same responses he had received from Fisher on March 22, 2017. *Id.* Fisher expressly declined to consult further with his attorney before proceeding *Id.* at PageID 305.  The judge acknowledged that Fisher had sent a number of "kites" saying he wanted to withdraw his guilty plea. *Id.* at PageID 306.  Despite that, Fisher swore he was "certain" he wanted to proceed with the guilty plea and then did in fact plea guilty again. *Id.*

In arguing for a maximum sentence, the prosecutor related how Fisher first came to the attention of law enforcement:  a person had driven a Mr. Crabtree to Fisher's residence where Crabtree exchanged a stolen chainsaw for three grams of heroin.  The driver immediately reported this to the

---

[1] If the weight were over 250 grams, the mandatory sentence would have been eleven years.

2

police who obtained a search warrant and recovered almost 200 grams of heroin and thousands of dollars in buried cash. In arguing for a minimum sentence, Attorney Dixon acknowledge the presence in court of Ms. Layne and Fisher's daughters. She essentially blamed Fisher criminal conduct on his infatuation with Layne, with whom he was cohabiting when the heroin was seized.

Having heard argument, Judge Regan then sentenced Fisher to nine years imprisonment and a fine of $10,000. (Order, State Court Record, ECF No. 6, Ex. 7).

Fisher appealed to the Ohio Fourth District Court of Appeals which affirmed the conviction and sentence. *State v. Fisher,* 2018-Ohio-2718 (4th Dist. Jun. 28, 2018), appellate jurisdiction declined. 153 Ohio St.3d 1505 (2018).

On November 9, 2018, Fisher filed a Petition for post-conviction relief under Ohio Revised Code § 2943.21 with Jackson County Court of Common Pleas. That court denied relief and Fisher again appealed to the Fourth District which affirmed the dismissal. *State v. Fisher,* 2019-Ohio-3334 (4th Dist. Aug. 14, 2019), appellate jurisdiction declined, 157 Ohio St. 3d 1496 (2019).

Petitioner then filed his Petition in this Court, pleading the following Grounds for Relief:

> **Ground One**: Petitioner['] s sentence is not supported by competent credible evidence, in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
> **Supporting Facts:** The Court incorrectly sentenced petitioner for a trafficking offense when he plead guilty to a possession charge which is contrary to law. Possession is and has no impact on families and children when he is the only one consuming it. Fisher is a First time offender in his sixties and was promised the minimum sentence. (sic)
>
> **Ground Two:** Trial counsel was ineffective for failing to file an affidavit of indigency prior to imposition of a $10,000 fine.
>
> **Supporting Facts:** The court later determined the offender was indigent for purposes of appeals. It should have been brought to the court's attention at sentencing. The court ignored petitioner's present and future ability to pay a fine as required by statute.

>**Ground Three**: Counsel was ineffective for failing to have the trial court conduct a hearing on the motion to suppress.
>
>**Supporting Facts:** In the case at bar, petitioner through counsel filed a motion to suppress and asked for a "Frank's" hearing and new trial counsel failed to follow through resulting in the evidence being admitted without probable cause.
>
>**Ground Four**: Trial Counsel was ineffective for failure to withdraw petitioner's plea pre-sentence.
>
>**Supporting Facts:** Trial counsel failed to withdraw the petitioner's plea of guilty prior to sentencing. The accused was not guilty and had a complete defense to the charge.

(Petition, ECF No. 1, PageID 6, 8, 10, 12.)

## Analysis

**Ground One:  Improper Sentence**

Petitioner has withdrawn his First Ground for Relief (Traverse, ECF No. 12, PageID 377).

**Ground Two:  Ineffective Assistance of Trial Counsel:  Failure to Show Indigency**

In his Second Ground for Relief, Fisher asserts his attorney provided ineffective assistance of trial counsel when he did not file an affidavit or other proof to show Fisher was indigent before the trial judge imposed a fine of $10,000.

To be subject to challenge in habeas corpus, a state court judgment must result in a petitioner's being in custody. *Spencer v. Kemna*, 523 U.S. 1 (1998).  Being subject to a fine does not constitute being in custody sufficient to invoke federal habeas jurisdiction. *United States v.*

4

*Watroba,* 56 F.3d 28 (6th Cir. 1995).  Because Fisher is not in custody on the fine portion of his sentence, Ground Two does not state a claim upon which habeas corpus relief can be granted and should be dismissed on that basis.

**Ground Three:  Ineffective Assistance of Trial Counsel for Failing to Have A Hearing on the Motion to Suppress**

In his Third Ground for Relief, Fisher claims he received ineffective assistance of trial counsel when his new trial attorney failed to insist on a hearing on the motion to suppress.

The Warden asserts this claim is both procedurally defaulted and without merit (Return, ECF No. 17, PageID 352).  In his Reply, Petitioner discusses the Ohio criminal *res judicata* doctrine in general, but does not seek to apply it to the facts of this case.

Fisher first raised this ineffective assistance of trial counsel claim in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21.  After the trial court denied the Petition and Fisher appealed, the Fourth District Court of Appeals expressly held that the claim was barred by *res judicata*:

> {¶6} Both of Appellant's assignments of error are based on the contention that he received ineffective assistance of counsel. In his first assignment of error, he argues that his trial counsel was ineffective for failing to withdraw his plea before sentencing. In the second assignment of error, Appellant argues that his trial counsel was ineffective for failing to insist that the trial court hold a hearing on his pending motion to suppress. Appellant dedicates his brief to arguing the merits of these assignments of error. Appellee argues, in response, that Appellant's claims are both barred by the doctrine of res judicata and fail on their merits. Because we agree that the doctrine of res judicata bars Appellant's claims of ineffective assistance of counsel, we consider his first and second assignments of error together here.
>
> {¶7} The Supreme Court of Ohio has held the doctrine of res judicata applies when determining whether post-conviction relief is

> warranted under R.C. 2953.21. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Perry* at 176; *see also Szefcyk* at 96.
>
> {¶8} Appellant's assignments of error are based on claims of purported ineffective assistance of counsel that could have been raised on direct appeal from his judgment of conviction. In fact, Appellant did raise a claim of ineffective of counsel, albeit on different grounds, on direct appeal from his judgment of conviction. *Fisher*, 2018-Ohio-2718, ¶ 32. Appellant does not argue that he could not have brought his new claims of ineffective assistance of counsel in his direct appeal. Nor does Appellant claim to have discovered any new evidence relevant to his plea hearing or sentencing. Because Appellant had a full opportunity to raise his ineffective assistance claims on direct appeal and failed to do so, the doctrine of res judicata bars him from raising them now in a petition for post-conviction relief. Accordingly, Appellant's first and second assignments of error are overruled.
>
> {¶9} Having overruled Appellant's assignments of error because his claims are barred by res judicata, we affirm the trial court's judgment.

*State v. Fisher,* 2019-Ohio-3334 (4th Dist. Aug. 14, 2019).

It appears to the Magistrate Judge that the Fourth District correctly applied to Ohio criminal *res judicata* doctrine in that the claim that the seized evidence was subject to suppression was laid out in the motion to suppress and the failure of replacement counsel to take that motion to a hearing was also evident.  Thus Fisher's appellate attorney could have raised that claim on the basis of the appellate record.

Fisher recognizes the contours of the Ohio *res judicata* doctrine in his Reply, but does not suggest any way in which his case comes within any exception.  The Sixth Circuit has repeatedly recognized that the Ohio *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967),

6

is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Ground Three should therefore be dismissed as procedurally defaulted.

**Ground Four: Ineffective Assistance of Trial Counsel: Failure to Withdraw Guilty Plea Prior to Sentence**

In his Fourth Ground for Relief, Fisher asserts his trial attorney provided ineffective assistance of trial counsel when she failed to withdraw his guilty plea prior to sentencing. Fisher first presented this claim to the Ohio courts in his petition for post-conviction relief; the trial court and Fourth District both rejected the claim as barred by *res judicata* because it also could have been raised on direct appeal.

Fisher argues this claim could not have been adjudicated on direct appeal because it depends on facts outside the appellate record (Reply, ECF No. 12, PageID 384, et seq., citing *State v. Milanovich,* 42 Ohio St. 2d 46 (1975)). He states:

> Trial Counsel grossly failed the Petitioner when she moved forward with the plea hearing and failed to convey his wishes to the court to withdraw any of his alleged pleas or to insist on going to trial. The plea bargain was a ruse on her part to get Petitioner to plea [sic] to the charge telling him she had negotiated three years in prison. Petitioner was duped and received nine years. Counsel also was informed ahead of time that he did not wish to plea to the charge of possession. Petitioner was unable to get his supporting affidavit from his daughter until after his plea and sentencing hearing.

*Id.*

7

In support of his Petition for post-conviction relief, Fisher filed his own Affidavit and that of his daughter Jennifer. In his own Affidavit he avers that the person who gave consent to search had no authority to do so:

> 6.) That during the period of time between my original arrest and while out on my own recognizance my then counsel filed a motion to suppress (filed March 29, 2016) the evidence that was obtained during the original search of the property, on a false consent to search. That "Consent to Search" was signed by Rachel Layne as a resident of my property when in fact she was not authorized on 11-17-15 or any date to grant Detectives access to search my property at 343 Fridenmaker Rd. in Wellston, OH. In fact Rachel Layne while at my residence was a paid escort and hid her own drugs on the property and money she earned from being a prostitute. She was not then nor was she ever a resident per se and when she came to my property. She was definitely not even a guest, after my arrest on 11-17-15;

(Affidavit, State Court Record, ECF No. 6, Ex. 19, PageID 189-90). The same allegation of lack of authority on the part of Ms. Layne to consent to the search is found in the Motion to Suppress (Motion, State Court Record, ECF No. 6, Ex. 4, PageID 36).

The post-conviction petition also has attached the Affidavit of Fisher's daughter Jennifer Fisher[2] about her contact with defense attorney Isabella Dixon who allegedly told her that a recording of a three-way conversation among Rachel Layne, Sara Fisher, and Jennifer Hamilton in which Layne admitted the drugs Fisher was charged with possessing were actually hers could not be used in Fisher's trial because Layne was living with Fisher. Jennifer Fisher avers that Layne no longer lived with Fisher after the trial judge made it a condition of Fisher's bond in February, 2016, that Layne not live there. While this is certainly not matter that was in the appellate record, it is not competent material evidence of any relevant fact, but is double or triple hearsay. It does

---

[2] The Jennifer Fisher Affidavit was sworn to on October 30, 2018, a year and a half after a sentencing hearing at which Attorney Dixon, Robin Layne, and Jennifer Fisher were all present, according to the Transcript at ECF No. 6-1. Fisher claims he could not get her Affidavit for the intervening eighteen months. That claim is not credible.

8

not provide any basis to show that where Layne was living at any point in time was within Jennifer Fisher's personal knowledge. It certainly does not show ineffective assistance of trial counsel on Isabella Dixon's part for failing to pursue the motion to suppress or for somehow failing to pursue Fisher's desire to withdraw his guilty plea.

The record also contains a copy of a Jackson County Jail Request dated April 17, 2017, from Fisher to jail personnel asking that they tell Judge Regan that "I am giving notice I wish to withdrawl [sic] my guilty plea on Case No. 16CR0023." (Attachment to Post-Conviction Petition, State Court Record, ECF No. 6, PageID 197). As noted above, Judge Regan acknowledged that he had received several "kites" from Fisher about withdrawing his plea. Nonetheless, Fisher swore on May 23, 2017, that he wanted to proceed with the amended plea agreement.

To the extent that Fisher claims in his Fourth Ground for Relief that he received ineffective assistance of trial counsel when Attorney Dixon did not proceed with a pre-sentence withdrawal of the guilty plea, the claim is rebutted by the trial court record. That is, at the second guilty plea colloquy, Fisher expressly disclaimed any desire to withdraw his guilty plea and in fact reaffirmed it. It cannot be ineffective assistance of trial counsel to fail to perform some act that your client has just said he does not want performed. And because all of these facts were of record at the time of the direct appeal, the Fourth District was correct in finding this claim barred by *res judicata* because it was omitted from the direct appeal.

To the extent Fisher is now claiming that his guilty plea was not knowing, intelligent, and voluntary, either because Attorney Dixon promised him a lower sentence than he received or because he had a good defense to the charges, he has waived that claim by never presenting it to the state courts.

Ground for Relief Four should therefore be dismissed as procedurally defaulted and

meritless.

**Conclusion**

Based ion the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 25, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #