## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

GEORGE FISHER,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:20-cv-4804 |
| - vs - | | | District Judge Edmund A. Sargus, Jr. |
| | | | Magistrate Judge Michael R. Merz |

WARDEN,
  Southeastern Correctional Institution,

                                          :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action, brought *pro se* by Petitioner George Fisher, is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 16).  At Fisher's express request in the Objections, District Judge Sargus has recommitted the case to the undersigned for reconsideration in light of the Objections (ECF No. 21).

Fisher's Petition contained four grounds for relief, but he withdrew the First Ground before the Report was filed.  See Traverse, ECF No. 12, PageID 377.

Petitioner's Second Ground was that his lawyer failed to file an affidavit of indigency before the trial court imposed a $10,00 fine.  The Report recommended dismissing this Ground because Fisher was not in custody on the fine.  Fisher makes no objection related to Ground Two.

In his Third Ground for Relief, Fisher claimed his attorney provided ineffective assistance of trial counsel by failing to insist on a hearing on his motion to suppress before he pleaded guilty

pursuant to a plea agreement. The Report noted that the first time Fisher raised this claim was in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (ECF No. 16, PageID 395). However, the Ohio Fourth District Court of Appeals, on appeal from denial of the post-conviction petition, held this claim was barred by *res judicata* because it was apparent on the face of the record and could have been raised on direct appeal. *State v. Fisher,* 2019-Ohio-3334, ¶¶ 6-9 (4th Dist. Aug. 14, 2019). Because of the *res judicata* bar, the Report found Ground Three was procedurally defaulted. Fisher offers no objection to this conclusion.

In Ground Four Fisher claims he received ineffective assistance of trial counsel when his trial attorney did not move to withdraw his guilty plea prior to sentencing. This claim was also made for the first time in the post-conviction proceeding and the Fourth District found it was also barred by *res judicata*.

Fisher's first objection is:

> Petitioner specifically objects to the Magistrate's ruling that Petitioiner [sic] waived the claim that his guilty plea was not knowing, intelligent, and voluntary because he had a complete defense to the charge, id 399.

The relevant finding in the Report is that this claim was waived by never presenting it to the state courts. (Report, ECF No. 16, PageID 399). Fisher objects that he presented this claim to the state courts in his petition for post-conviction relief (Objections, ECF No. 20, PageID 404). Petitioner is correct: the statement that he never presented it to the state courts is inaccurate. What the Report should have said was that he never presented it to the state courts before the post-conviction petition. That was the basis for the Fourth District's ruling that it was barred by *res judicata*.

Fisher next objects that he must have adequately presented this claim to the state courts because the Fourth District considered it under the rubric of his claim of actual innocence in the

post-conviction petition (Objections, ECF No. 20, PageID 404).   To the contrary, the Fourth

District's opinion on post-conviction appeal disposes of both assignments of error, including the

claim raised in Ground Four, on *res judicata* grounds; there is no discussion of the merits.

> **{¶6}** Both of Appellant's assignments of error are based on the contention that he received ineffective assistance of counsel. In his first assignment of error, he argues that his trial counsel was ineffective for failing to withdraw his plea before sentencing.

> **{¶8}** Appellant's assignments of error are based on claims of purported ineffective assistance of counsel that could have been raised on direct appeal from his judgment of conviction.. . .

> Because Appellant had a full opportunity to raise his ineffective assistance claims on direct appeal and failed to do so, the doctrine of res judicata bars him from raising them now in a petition for post-conviction relief.

*State v. Fisher,* Case No. 19CA5 (Ohio App. 4th Dist. Aug. 14, 2019)(McFarland, J.)(unpublished;

copy at ECF No. 6, Ex. 25).

Fisher next objects that *res judicata* should not have been applied because ineffective

assistance of trial counsel ineffective counsel is "best decided in the first instance in a collateral action

rather than on direct review. " *U. S. Thorton,* 327 F. 3d 258, citing *Massaro v. U. S.* 123 S. Ct.

1690 (2003)." (Objections, ECF No. 20, PageID 405).   *Massaro* is limited to claims of

ineffective assistance of trial counsel made in cases tried in federal district courts.  Basically,

federal appellate courts following *Massaro* will not hear ineffective assistance of trial counsel

claims on direct appeal.  But *Massaro* does not limit the States in requiring that ineffective

assistance of trial counsel claims be bought on direct appeal if they can be.  The Sixth Circuit has

repeatedly held Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10

Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.  *Durr v. Mitchell*,

487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Fisher quarrels with the Fourth District's finding because he says evidence outside the record was necessary to prove his claim. The evidence to which he refers is a conversation between his daughter, Jennifer Fisher, and Rachel Layne, a paid "escort" who was present when Fisher's residence was search for drugs and who, allegedly without authority, gave the police permission to search. In the conversation, Layne claims the drugs were hers. Fisher believes this proves he is innocent. The evidentiary obstacles (e.g. hearsay) to presenting this evidence are obvious and undermine any claim that Attorney Dixon's statement that they would not help constitutes incompetent legal advice.

**Conclusion**

Having reconsidered the Report in light of Fisher's Objections, the Magistrate Judge adheres to his original conclusion that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

October 4, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge