# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GEORGE FISHER,

               Petitioner,          :     Case No. 2:20-cv-4804

  - vs -                            District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Southeastern Correctional Institution,

                              :
           Respondent.

# DECISION AND ORDER

This habeas corpus action, brought *pro se* by Petitioner George Fisher, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 25) and Motion for Extension of Time (ECF No. 26).

On September 22, 2022[1], District Judge Sargus recommitted this case to the Magistrate Judge to reconsider in light of Petitioner's Objections, filed October 12, 2021 (ECF No. 20).  The Magistrate Judge then reconsidered his prior Report and filed a Supplemental Report on October 4, 2022 (the "Supp. R&R," ECF No. 22).  The Supp. R&R gave Petitioner notice that any objections were required to be filed within seventeen days, or by October 21, 2022. *Id.* at PageID 413.

Petitioner did not file anything, objections or otherwise, by October 21, 2022.  He claims he filed, by depositing in the prison mail system, a motion for a sixty-day extension of time to

object on October 17, 2022[1].  But that Motion has never reached the Court.  Instead, he has filed today a purported copy of that Motion (ECF No. 26), which was postmarked at the same time as the Motion for Reconsideration, to wit, November 8, 2022 (See PageID 418, 421).

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" of a final judgment.  Instead a disappointed litigant may file a motion to amend a judgment under Fed.R.Civ.P. 59(e) up to thirty days after judgment, a period that cannot be extended.  Or a disappointed litigant can file a motion for relief from judgment for, in most cases, up to a year after judgment.

Fisher's Motion for Reconsideration does not meet the requirements for a motion to amend under Fed.R.Civ.P. 59(e).  Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Fisher's Motion for Reconsideration does not show any of these factors or even attempt to do so.  Instead he asks for a sixty-day extension of time to file objections without ever saying what those objections would be.

Fisher has not shown good cause for his requested extension of time.  This case has been pending for over two years and Petitioner has had ample time to become acquainted with the applicable law.  Reopening the judgment now would fail to respect the State's interest in finality

---

[1] Actually he claims he deposited the motions on October 17, **2020 (PageID 416),** which does not show much care with dates.

of criminal judgments. Justice Harlan wrote on that point more than fifty years ago:

> It is, I believe, a matter of fundamental import that there be a visible end to the litigable aspect of the criminal process. Finality in the criminal law is an end which must always be kept in plain view. See, e. g., *Fay v. Noia,* 372 U.S., at 445 (Clark, J., dissenting); *Spencer v. Texas,* 385 U.S. 554, 583 (1967) (Warren, C. J., concurring and dissenting). See also Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441 (1963); Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 146-151 (1970). As I have stated before, "Both the individual criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ultimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community." *Sanders v. United States,* 373 U.S., at 24-25 (HARLAN, J., dissenting). At some point, the criminal process, if it is to function at all, must turn its attention from whether a man ought properly to be incarcerated to how he is to be treated once convicted. If law, criminal or otherwise, is worth having and enforcing, it must at some time provide a definitive answer to the questions litigants present or else it never provides an answer at all. Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.
>
> A rule of law that fails to take account of these finality interests would do more than subvert the criminal process itself. It would also seriously distort the very limited resources society has allocated to the criminal process. While men languish in jail, not uncommonly for over a year, awaiting a first trial on their guilt or innocence, it is not easy to justify expending substantial quantities of the time and energies of judges, prosecutors, and defense lawyers litigating the validity under present law of criminal convictions that were perfectly free from error when made final. See Friendly, supra, at 148-149. This drain on society's resources is compounded by the fact that issuance of the habeas writ compels a State that wishes to continue enforcing its laws against the successful petitioner to relitigate facts buried in the remote past through presentation of witnesses whose memories of the relevant events often have

3

dimmed. This very act of trying stale facts may well, ironically, produce a second trial no more reliable as a matter of getting at the truth than the first. See Amsterdam, Search, Seizure, and Section 2255: A Comment, 112 U. Pa. L. Rev. 378, 384 (1964).

*Mackey v. United States*, 401 U.S. 667, 690-91 (1971)(Harlan, concurring in the judgment in part).

The State's interest in finality is no less today than it was then. While the Court can excuse failure

to meet some litigation deadlines, upsetting a final judgment is a weightier matter altogether.

Fisher's Motion for Extension of Time, which would involve reopening the judgment, is

DENIED.

November 10, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

4